[No. 42966-3-I.   Division One.   January 31, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. HOEURY KLOK, *Appellant*.

*Oliver R. Davis* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *William M. Berg, Deputy,* for respondent.

BECKER, J. — Hoeury Klok argues that his conviction should be reversed because the prosecutor referred to him as "the guy who has been laughing through about half of this trial." By failing to object to this comment about his off-the-stand demeanor, Klok waived review; an immediate curative instruction would have alleviated the damage inflicted by the improper remark. Accordingly, we affirm.

Klok's conviction arises from a bar fight in which a man was shot to death. Klok was charged with second degree felony murder based upon his complicity in second degree assault. The State's theory was that Klok held the victim, Paul Vorn, in a headlock to facilitate the attack by the shooter, Lonely Truong. At the outset of his closing argument, the prosecutor compared Klok to Tiger Woods' swing doctor to illustrate the importance of Klok's assistance:

> [Lonely] wasn't acting alone, and his swing doctor or coach was helping him along with that violence. He held Paul Vorn by the head and the arm facing Lonely as he shot him seven times in the back. This is his swing doctor, the guy who has been laughing through about half of this trial.

Klok did not object.

According to Klok, the prosecutor's argument warrants review despite his failure to object because the statement was so flagrant and ill-intentioned that a curative instruction from the court could not have obviated the resulting prejudice. *See State v. Belgarde,* 110 Wn.2d 504, 507, 755 P.2d 174 (1988). He also contends that an argument commenting on a defendant's demeanor at trial affects the de-

fendant's constitutional rights—the due process right to be convicted solely on the basis of the evidence, and the exercise of the right not to testify.

According to the State, when prosecutorial misconduct is claimed to be of constitutional magnitude, the correct standard to determine reviewability in the absence of an objection is the manifest error test used in *State v. Jones*, 71 Wn. App. 798, 863 P.2d 85 (1993), rather than the test used in *Belgarde*. The State argues that the remark about laughing cannot be reviewed because any error is not manifest.

We take this opportunity to point out that *Belgarde*, not the manifest error test of RAP 2.5(a), provides the appropriate standard for determining the reviewability of a prosecutor's argument to which the defendant did not raise an objection in the trial court.

In *Jones*, this court treated one of the comments by the prosecutor in closing argument as a constitutional error that could be raised for the first time on appeal. *Jones*, 71 Wn. App. at 809-12. At issue in *Jones*, a child molestation case, was a comment in which the prosecutor criticized the defendant for trying to make direct eye contact with the young complaining witness as she testified. Because the *Jones* court perceived this comment as an attempt to draw a negative inference from the defendant's exercise of his constitutional right to confront witnesses, the *Jones* court proceeded to review it as a manifest error without examining whether a curative instruction would have alleviated the prejudice of the remark. In so proceeding, the *Jones* court relied on *State v. Scott*, 110 Wn.2d 682, 757 P.2d 492 (1988); *Jones*, 71 Wn. App. at 809. But *Scott* addresses an allegation of manifest instructional error, not prosecutorial misconduct.

Manifest error affecting a constitutional right will be reviewed under RAP 2.5(a) despite the lack of objection below. In practice, this rule creates a relatively small category of errors that a trial judge must watch for and guard against even when the parties fail to point them out. An argument of a prosecutor does not readily fall into this cat-

egory. Trial judges should not feel obligated to intervene sua sponte in every argument that might be characterized as raising a constitutional issue. Such a rule would be difficult in application and disruptive to the coherency of closing arguments. Trial judges have a variety of options available to deal with prosecutorial misconduct in argument. *See State v. Neidigh*, 78 Wn. App. 71, 79-80, 895 P.2d 423 (1995). Sometimes it may be appropriate for the court to intervene absent objection, but not always.

As we stated in *Neidigh*, 78 Wn. App. at 78, there is no need to replace the *Belgarde* test for reviewability with the test from RAP 2.5(a). Under *Belgarde*, reviewability in the absence of an objection below depends on whether the prosecutor's argument was so flagrant and ill-intentioned as to create prejudice incurable by instruction. Some improper prosecutorial remarks can be described as "touching on" a constitutional right, and still be curable by a proper instruction.

To determine whether prosecutorial misconduct is reviewable without an objection, the Washington State Supreme Court has unswervingly adhered to the standard articulated in *Belgarde. See, e.g., State v. Elmore*, 139 Wn.2d 250, 985 P.2d 289 (1999); *State v. Finch*, 137 Wn.2d 792, 839, 975 P.2d 967 (1999), *cert. denied*, 528 U.S. 922, 120 S. Ct. 285, 145 L. Ed. 2d 239 (1999); *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997). Accordingly, we follow *Belgarde* in deciding whether to review the prosecutorial misconduct alleged by Klok.

Klok argues that the prosecutor's comment about laughing was improper because it substituted demeanor for testimony. But in the federal cases on which Klok relies for his argument that reversal is warranted, the defendant made a timely objection to the comment. *See United States v. Schuler*, 813 F.2d 978, 979 (9th Cir. 1987) (trial court overruled the defendant's objection and failed to give a curative instruction when the prosecutor commented on the defendant's laughter); *United States v. Pearson*, 746 F.2d 787, 796 (11th Cir. 1984) (prosecutor remarked upon

the defendant's nervous demeanor and the court overruled the defendant's objection). In both *Schuler* and *Pearson*, the trial court overruled the defendant's objection to the argument, in effect legitimizing the improper argument. The appellate court reversed in both cases, finding that the argument was not only reviewable but also prejudicial. Unlike the defendants in those cases, Klok did not give the trial court the opportunity to rule on an objection. As a result, the court neither approved nor disapproved the comment; the moment simply passed by.

Because there was no objection, there is no record to assist us in evaluating the effect of the comment. For example, we have no idea whether Klok actually did laugh during the trial. One of the reasons for placing the burden on the defense to object in the course of argument is that the defendant and defense counsel are the persons most acutely attuned to perceive the possible prejudice of the prosecutor's remarks. The absence of an objection in this case indicates that the comment, at the time it was made, did not strike Klok or his attorney as being unfair or untrue. *See State v. Swan*, 114 Wn.2d 613, 661, 790 P.2d 610 (1990), *cert. denied*, 513 U.S. 985, 115 S. Ct. 479, 130 L. Ed. 2d. 393 (1994).

■ While it is improper to comment on a defendant's demeanor and to invite the jury to draw from it a negative inference about the defendant's character, we hold that the prejudice flowing from such a comment is not necessarily incurable by instruction. In this case, if there had been an objection, the court could have instructed the jury that the remark about Klok's laughter was improper, was not evidence, and should be completely disregarded. Because we presume that juries will ordinarily follow the court's instructions, such an instruction would have substantially alleviated any prejudice caused by the remark. *See State v. Lough*, 125 Wn.2d 847, 864, 889 P.2d 487 (1995).

In summary, unless the remarks of a prosecutor in argument meet the *Belgarde* test of incurable prejudice, a defendant who makes no objection has waived the right to

review even if the remarks touch on a constitutional right. Klok's allegation of prosecutorial misconduct is not reviewable.

Affirmed.

The remainder of this case has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

Cox and ELLINGTON, JJ., concur.

Review denied at 141 Wn.2d 1005 (2000).