4 P.3d 857 (2000)
101 Wash.App. 380
STATE of Washington, Respondent,
v.
Lester Floyd FRENCH, Appellant.
State of Washington, Respondent,
v.
Efrain Munguia Barraza, Appellant.
Nos. 17880-3-III, 18234-7-III.
Court of Appeals of Washington, Division 3, Panel Ten.
July 6, 2000.
*858 Thomas J. Earl, Moses Lake, Paul J. Wasson, Spokane, for Appellant.
Stephen P. Scott, Deputy Pros. Atty., Ephrata, for Respondent.
BROWN, J.
In consolidated appeals from felony convictions in unrelated cases, Lester French and Efrain Barraza and raise similar issues relating to similar improper closing argument allegedly commenting on each appellant's failure to testify. We agree with the trial court that the arguments did not directly comment on the appellants' constitutional rights but were improper attempts to shift the burden of proof to the defense. Even *859 though it was placed in a position where a curative instruction was impossible, the court made a record stating tenable reasons and grounds for denying mistrial motions when correctly applying the incurable prejudice test. Accordingly, we affirm both convictions.

FACTS

Mr. Barraza
In 1998, Mr. Barraza was charged with second degree robbery and possession of stolen property in the first degree. The charges arose from a convenience store robbery in Moses Lake while utilizing a stolen vehicle. During Mr. Barraza's jury trial, the State introduced substantial evidence linking Mr. Barraza to the robbery and stolen vehicle. The defense rested without presenting any evidence.
In closing, Mr. Barraza's attorney attacked the sufficiency and credibility of the State's evidence and suggested reasons why the jury might doubt the State's case. In rebuttal, and without immediate objection, the prosecutor attempted to show the State was not hiding anything by arguing, "these are the facts and this is the way it occurs in real life, and the defense has given you absolutely no reason to be able to conclude the defendant didn't do this." (Emphasis ours.)
After the jury retired to deliberate, Mr. Barraza's counsel objected for the record to the State's final comment arguing that it tended to shift the burden to Mr. Barraza to show he was innocent. Mr. Barraza was found guilty. Then, Mr. Barraza moved for mistrial. The court set argument on the motion. Following argument, the court decided the comment was error, however, denied the motion based upon an incurable prejudice test.

Mr. French
Mr. French's firearm possession charge arose from a 1998 altercation between Mr. French and two tenants on his father's property. Mr. French threatened to get a gun and shoot one of the tenants "sometime," but denied having a gun. Among the witnesses were Mr. French's father and brother. The tenants heard three shots fired and called the police. Mr. French admitted to the responding officer that he was present at the altercation and shortly after handed a rifle to his mother after firing it to see if it was clear. He also admitted hunting with the rifle.
At trial, Mr. French's prior felony conviction was not disputed. The State called the two tenants, and the investigating officer. The State introduced as agreed exhibits two transcripts containing Mr. French's admissions. The State did not call Mr. French's father, mother, or brother as witnesses. Nor did the State call three of the four officers who responded to the scene. The defense rested without calling witnesses.
The prosecutor, focusing on possession, pointed out that Mr. French's admissions were alone sufficient to convict him. In response, the defense argued that an admission, without any corroborating evidence, is not enough to convict. The defense argued the State failed to call all witnesses. In rebuttal, after attempting to explain why the other officers were not called, the prosecutor commented, "If you wanted to hear from the other officers, fine, the defense can call them as well as we can." (Emphasis ours.) The court noted an objection that the comment was "beyond the scope of argument." The State, without objection, went on to dismiss the argument as a mere suggestion of conspiracy in reaction to clear evidence, then changed subjects.
After the jury retired to deliberate upon its guilty verdict, Mr. French asked for a mistrial, arguing prosecutorial misconduct based on the comment. The trial court took the matter under advisement until after the verdict. At sentencing the motion was denied. The court distinguished between cases directly commenting on a defendant's right not to testify and merely commenting on the right to call witnesses, reasoning that the latter was before the court. The court reasoned such a comment improperly tends to shift the burden of proof to the defendant. However, the court concluded the comment was made in passing, immediately objected to, and then abandoned by the prosecutor. The court decided in the context of the instructions, it would be unlikely for the comment *860 to have influenced the outcome of the case. The motion was denied.

ANALYSIS
The issue is whether the trial court erred when exercising discretion by denying a mistrial to either Mr. French or Mr. Barraza and reaching two conclusions. First, the alleged prosecutorial misconduct in closing argument was not a direct comment on either appellant's silence, but merely touched on a constitutional right by improperly attempting to shift the burden of proof to the defense when implying a defense duty to call witnesses. Second, although error, neither appellant met the incurable prejudice test.
Prosecutorial misconduct allegations are reviewed for abuse of discretion. State v. Finch, 137 Wash.2d 792, 839, 975 P.2d 967, cert. denied, ___ U.S. ___, 120 S.Ct. 285, 145 L.Ed.2d 239 (1999). We review a prosecutor's allegedly improper remark in "the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury." State v. Brown, 132 Wash.2d 529, 561, 940 P.2d 546 (1997), cert. denied, 523 U.S. 1007, 118 S.Ct. 1192, 140 L.Ed.2d 322 (1998). "A defendant has no duty to present evidence; the State bears the entire burden of proving each element of its case beyond a reasonable doubt." State v. Fleming, 83 Wash.App. 209, 215, 921 P.2d 1076 (1996).
Generally, improper prosecution argument, even when indirectly touching upon a constitutional right, is tested by whether the prosecution argument is so flagrant and ill-intentioned as to create incurable prejudice. State v. Belgarde, 110 Wash.2d 504, 507-08, 755 P.2d 174 (1988), aff'd, 119 Wash.2d 711, 837 P.2d 599 (1992); State v. Klok, 99 Wash.App. 81, 84, 992 P.2d 1039 (2000). Initially, the defendant has the burden of establishing that the prosecutor's conduct was improper and prejudicial. State v. Brett, 126 Wash.2d 136, 175, 892 P.2d 29 (1995).
However, if the alleged misconduct is found to directly violate a constitutional right, as contended by appellants, then "it is subject to the stricter standard of constitutional harmless error." State v. Traweek, 43 Wash.App. 99, 108, 715 P.2d 1148 (1986); see also State v. Easter, 130 Wash.2d 228, 242, 922 P.2d 1285 (1996). When a prosecutor improperly remarks on a defendant's failure to testify, it violates his Fifth Amendment privilege against self-incrimination. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

Mr. Barraza
Mr. Barraza focuses on the prosecutor's final sentence: "the defense has given you absolutely no reason to conclude the defendant didn't do this." We agree with the trial court that the State's comment improperly suggests that Mr. Barraza had a duty to present evidence. However, as the trial court decided, the remark merely touches upon the right to remain silent because it does not directly invade the right or naturally draw the jurors' attention to Mr. Barraza's claim of that right. Thus, we conclude the trial court properly rejected a constitutional harmless error analysis and chose the incurable prejudice analysis.
Mr. Barraza argues his case resembles State v. Fiallo-Lopez, 78 Wash.App. 717, 729, 899 P.2d 1294 (1995), where the prosecutor remarked in closing that there was absolutely no evidence of a legitimate explanation for the defendant's presence during two drug buys. However, our case is distinguishable because substantial evidence from other witnesses connected Mr. Barraza to the robbery where he did not admit any presence. On the other hand, Mr. Fiallo-Lopez's presence at critical events was uncontested and he was the sole person who could have provided the evidence alluded to, an innocent explanation for his presence. Id.
Mr. Barraza's case is like Klok where the court reasoned that "improper prosecutorial remarks can be described as `touching on' a constitutional right, and still be curable by a proper instruction." Klok, 99 Wash.App. at 84, 992 P.2d 1039 (quoting Belgarde, 110 Wash.2d at 507, 755 P.2d 174). A timely objection gives the trial court the opportunity to minimize an improper comment by striking *861 the comment and giving a curative instruction to the jury. Adhering to Belgarde, the Klok court reasoned it would not review an improper comment absent a proper objection unless it was so flagrant and ill-intentioned that it created prejudice incurable by an instruction. Klok, 99 Wash.App. at 84, 992 P.2d 1039.
On appeal, Mr. Barraza argues no time existed to object or request a curative instruction because the improper comment was literally the last words to the jury. We disagree. After the jury retired, Mr. Barraza's counsel argued:
MR. EARL: I wanted to note an objection to the final comment of the State.... I decided not to, at least at that point, raise it, because I think it potentially had the effect of over-emphasizing what's inappropriate language from a prosecutor in any case.... I want my objection to be noted for the record.
THE COURT: It is noted. Anything else?
MR. EARL: No sir.
This colloquy indicates that Mr. Barraza's attorney did have time to object, but made a tactical decision not to. Moreover, Mr. Barraza's attorney did not request any additional relief until after the jury had returned with a guilty verdict. Mr. Barraza's timing was not exquisite because it "strongly suggests to a court that the argument or event in question did not appear critically prejudicial to an appellant in the context of the trial." State v. Swan, 114 Wash.2d 613, 661, 790 P.2d 610 (1990). Thus, the prosecutor's improper comment should be reviewed solely in the context of whether it was so flagrant and ill-intentioned that it could not have been cured by instruction. Klok, 99 Wash.App. at 84, 992 P.2d 1039.
The trial court correctly reasoned that the improper comment in Mr. Barraza's case was a single incident as opposed to a pattern of multiple acts of misconduct. See Fleming, 83 Wash.App. 209, 921 P.2d 1076; Easter, 130 Wash.2d 228, 922 P.2d 1285. Had Mr. Barraza fully objected, then the court would have been able to properly admonish the jury before it retired. Finally, as the trial court reasoned, although the comment directed the jury's attention to the defendant's lack of evidence, the jury was instructed, and repeatedly reminded, that the State carried the burden of proving every element of the offense. In light of these grounds cited by the trial court, we agree that the State's inappropriate, but isolated comment was curable. Accordingly, because the trial court gave tenable reasons and grounds for denying Mr. Barraza's mistrial motion, we conclude it did not err.

Mr. French
Mr. French's attorney pointed out the State had failed to call several witnesses and then suggested that the jury could infer that "there's something going on here that you don't understand and the State has not proven. They dropped the ball on it.... They haven't called the witnesses and it's not my duty to do that." In rebuttal, the prosecutor argued that "[i]f you wanted to hear from the other officers, fine, the defense can call them as well as we can." The State argues the comment was provoked or invited by defense counsel. Even improper and prejudicial prosecutorial comments do not necessitate a mistrial if provoked, unless they exceed a pertinent reply. State v. Davenport, 100 Wash.2d 757, 760, 675 P.2d 1213 (1984); State v. La Porte, 58 Wash.2d 816, 822, 365 P.2d 24 (1961).
The provoking defense comment here suggests the missing witness doctrine that arises when a party fails to call a witness or produce evidence that would logically and naturally support his or her case. See State v. Frazier, 55 Wash.App. 204, 211-12, 777 P.2d 27 (1989). A defendant may not raise the doctrine when the missing evidence is unimportant or cumulative. Id. The doctrine does not apply when the missing witness is equally available to both parties. State v. Blair, 117 Wash.2d 479, 490, 816 P.2d 718 (1991). These rules indicate the missing witness theory was likely not a valid argument for Mr. French.
Thus, by arguing the theory, it was likely to provoke a response. And, in context, the State did not exceed a pertinent reply. However, assuming prejudice for this analysis, *862 the question remains could it have been cured by a proper instruction. We agree with the trial court that it could have been cured.
The jury when confronted with the prosecutor's comment would more likely focus on Mr. French's failure to call witnesses, than perceive the comment as bearing on his decision to remain silent. Attempting to shift the burden of proof is not the same as a comment on a defendant's right to remain silent. For example, "[t]he absence of a duty to call witnesses is not a specific constitutional right. It is a judicially developed corollary of the State's burden to prove each element of the crime charged beyond a reasonable doubt." State v. Contreras, 57 Wash.App. 471, 473, 788 P.2d 1114 (1990). Furthermore, a comment violates a defendant's right to remain silent if it is "of such character that the jury would `naturally and necessarily accept it as a comment on the defendant's failure to testify.'" Fiallo-Lopez, 78 Wash.App. at 728, 899 P.2d 1294 (quoting State v. Ramirez, 49 Wash.App. 332, 336, 742 P.2d 726 (1987)).
Additionally, the State's improper comment related to police officers who were not called as witnesses. A jury would not naturally and necessarily equate this with Mr. French's failure to testify. Mr. French bears the additional burden of proving that the comment was prejudicial. Brett, 126 Wash.2d at 175, 892 P.2d 29. Misconduct is not considered prejudicial unless there is a substantial likelihood that it affected the jury's verdict. Id. Mr. French failed to meet this additional burden.
The trial court properly reasoned the comment was made in passing, immediately objected to, and then abandoned by the prosecutor. The court decided in light of the instructions advising the jury of the State's burden of proof, the presumption of innocence, and that the attorney's comments were not evidence, it would be unlikely for the comment to have influenced the outcome of the case. These are tenable reasons and grounds supporting the trial court's exercise of discretion when denying the motion for mistrial. Mr. French does not sustain his burden of showing that there was a substantial likelihood that this isolated comment affected the jury's verdict.

CONCLUSION
We hold the trial court did not err by abusing its discretion when denying either motion for mistrial.
Affirmed.
KURTZ, C.J., and KATO, J., concur.