[No. 43438-5-II.   Division Two.   January 28, 2014.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT BARRY, *Appellant*.

*Catherine E. Glinski*, for appellant.

*Russell D. Hauge, Prosecuting Attorney,* and *Jeremy A. Morris, Deputy,* for respondent.

¶1 MAXA, J. — Robert Barry appeals his conviction of first degree child molestation (domestic violence), claiming that the trial court erred in admitting child hearsay statements and erred in instructing the jury that it could consider Barry's courtroom demeanor as evidence. In the published portion of this opinion, we hold that the trial court's instruction regarding consideration of Barry's demeanor was erroneous, but Barry cannot show prejudice from the trial court's instruction. In the unpublished portion, we hold that the record supports the trial court's child hearsay findings. Accordingly, we affirm.

## FACTS

¶2 The State charged Barry with first degree child molestation (domestic violence) committed against CC, his grandson. The case proceeded to trial. During its deliberations, the jury sent a note asking the court, "Can we use as 'evidence', for deliberation, our observations of the defendant's – actions – demeanor during the court case[?]" Clerk's Papers (CP) at 115. The trial court instructed the jury, "Evidence includes what you witness in the courtroom." CP at 115. Barry objected to this instruction.

¶3 The jury found Barry guilty as charged. Barry appeals.

## ANALYSIS

¶4 Barry argues that the trial court erred in instructing the jury that "[e]vidence includes what you witness in the courtroom," in response to the jury's question about whether during deliberations it could use as evidence Barry's actions and demeanor during the case. CP at 115. He asserts that allowing the jury to consider his demeanor violated both his Fifth Amendment[1] privilege against self-incrimination and his Sixth Amendment[2] right to a verdict based solely on the evidence.

¶5 We disagree that the trial court's instruction violated the Fifth Amendment. And although we agree that the trial court's instruction misstated the law, we do not find a constitutional error. We hold that the absence of any record regarding the nature of Barry's demeanor precludes him from showing that the improper instruction prejudiced him.

A. RIGHT TO NOT TESTIFY

■ ¶6 The Fifth Amendment to the United States Constitution states that "[n]o person . . . shall be compelled in

---

[1] U.S. CONST. amend. V.

[2] U.S. CONST. amend. VI.

any criminal case to be a witness against himself." Article I, section 9 of the Washington State Constitution also states that "[n]o person shall be compelled in any criminal case to give evidence against himself." Under both provisions,[3] a defendant has a right to not testify at trial. RCW 10.52.040; *State v. Epefanio*, 156 Wn. App. 378, 388, 234 P.3d 253 (2010). Barry apparently argues that by equating his demeanor with evidence, the trial court violated this right. We disagree.

■■ ¶7 Under the plain language of the constitutional provisions, the violation of the right against self-incrimination must involve some form of government compulsion. *State v. Foster*, 91 Wn.2d 466, 473, 589 P.2d 789 (1979). Here, neither the State nor the trial court forced Barry to do anything with regard to his demeanor. He had full control over how he acted in the courtroom. Other than citing the Fifth Amendment, Barry does not explain how he was *compelled* to give evidence against himself. We hold that allowing the jury to consider the defendant's demeanor as evidence does not violate the Fifth Amendment or article I, section 9.

## B. DEFENDANT'S DEMEANOR AS EVIDENCE

■■ ¶8 Barry argues that the trial court's instruction violated his Sixth Amendment right to a verdict based solely on the evidence. Implicit in this argument is that a defendant's demeanor at trial is not evidence and therefore that the instruction misstated the law. We review claimed errors in instructions de novo. *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006). We agree that Barry's demeanor at trial was not "evidence" and therefore that the instruction was improper. But we hold that Barry cannot establish prejudice.

¶9 Initially, we note that the trial court's instruction was improper in its overbreadth. The State cites no authority for

---

[3] Our Supreme Court has held that the scope of these provisions is the same. *E.g.*, *State v. Unga*, 165 Wn.2d 95, 100, 196 P.3d 645 (2008).

the proposition that anything a jury witnesses in the courtroom constitutes evidence. And many things a jury might witness in the courtroom would not constitute "evidence." For example, our Supreme Court has held that trial spectators may be allowed to display buttons showing a photograph of the victim. *State v. Lord*, 161 Wn.2d 276, 284, 165 P.3d 1251 (2007). Such buttons obviously would not constitute "evidence" the jury could consider in determining the defendant's guilt.

¶10 Barry limits his argument to the jury's observations of his demeanor as evidence and not some other courtroom observations. Accordingly, we limit our analysis to that issue and conclude that a defendant's demeanor was not evidence in this case.

### 1. Court's Introductory Jury Instruction

¶11 The trial court instructions to the jury included an introductory instruction (instruction 1) modeled after 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 1.02, at 13 (3d ed. 2008) that addressed consideration of a witness's demeanor. The instruction permitted the jury to consider "the manner of the witness while testifying" when evaluating the witness's credibility. CP at 120. However, as Barry points out, here he exercised his constitutional right to not testify, and neither his credibility as a witness nor his character was at issue. Accordingly, the jury could not have considered Barry's demeanor in evaluating his credibility as a witness. Further, even if a witness's credibility is at issue, nothing in the instruction states that a witness's manner in testifying constitutes "evidence." The witness's demeanor is just a factor for the jury to consider – along with several other factors – in assessing credibility.

¶12 Moreover, instruction 1 establishes that the jury *cannot* consider the defendant's demeanor as evidence. The instruction expressly states that the evidence the jury may consider is the testimony of witnesses and the admit-

ted exhibits. The defendant's demeanor does not fall into either category, and the instruction does not allow for the consideration of anything else as evidence. Because neither party objected to instruction 1, it represents the law of this case. *See State v. Hickman*, 135 Wn.2d 97, 101-02, 954 P.2d 900 (1998).

### 2. Washington Case Law

¶13 Although they are not directly on point, two Washington cases support our conclusion that a defendant's demeanor is not evidence. Both held that it is improper for a prosecutor to *comment* on the defendant's demeanor in closing argument. In *State v. Klok*, the prosecutor commented that the defendant had been laughing during the trial. 99 Wn. App. 81, 82, 992 P.2d 1039 (2000). Division One of this court stated that "it is improper to comment on a defendant's demeanor and to invite the jury to draw from it a negative inference about the defendant's character." *Klok*, 99 Wn. App. at 85.

¶14 In *State v. Smith*, the prosecutor commented on the defendant's demeanor, describing him as someone who looked like he had an attitude and a chip on his shoulder. 144 Wn.2d 665, 679, 30 P.3d 1245 (2001). The court cited *Klok* in stating that "it may be improper to comment on a defendant's demeanor so as to invite a jury to draw a negative inference about the defendant's character." *Smith*, 144 Wn.2d at 679. The court also concluded that the prosecutor's comments about the defendant's demeanor "were likely improper." *Smith*, 144 Wn.2d at 679.

¶15 Neither of these cases controls because they both involve prosecutor comments on a defendant's demeanor, not whether a defendant's demeanor constitutes evidence. Here, the prosecutor did not comment on Barry's courtroom behavior and therefore did not encourage the jury to use character evidence in support of a guilty verdict as in *Klok* and *Smith*. However, *Klok* and *Smith* are inconsistent with

a holding that a defendant's demeanor constitutes evidence. If a defendant's demeanor constituted evidence that a jury could consider, a prosecutor's comment about such evidence in closing argument would not be improper.[4]

¶16 We hold that here the trial court erred in instructing the jury that "[e]vidence includes what you witness in the courtroom." CP at 115. This instruction improperly allowed the jury to consider Barry's courtroom demeanor as evidence they could consider in determining his guilt.

## C. PREJUDICE

¶17 Barry argues that because the trial court's instructional error implicated his Sixth Amendment right to have the jury consider only the evidence properly before it, we must apply a constitutional error analysis and determine whether the instruction was harmless beyond a reasonable doubt. *State v. Maupin*, 128 Wn.2d 918, 928-29, 913 P.2d 808 (1996). We disagree and hold that the nonconstitutional prejudice standard applies.

¶18 Even though the trial court gave an instruction to the jury, it essentially made an evidentiary decision – allowing the jury to consider Barry's demeanor as evidence. An error in admitting evidence generally is not reviewed under the more stringent constitutional standard for prejudice. *See, e.g., State v. Gresham*, 173 Wn.2d 405, 432-33, 269 P.3d 207 (2012) (admission of evidence violated ER 404(b)); *State v. Hardy*, 133 Wn.2d 701, 712, 946 P.2d 1175 (1997) (admission of evidence violated ER 609(a)(1)); *State v. Bourgeois*, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997). Instead, the test for admission of evidence is whether the

---

[4] Both Barry and the State cite multiple cases from other jurisdictions. *Compare United States v. Carroll*, 678 F.2d 1208, 1209-10 (4th Cir. 1982) ("non-testimonial behavior in the courtroom could not be taken as evidence of his guilt"), *with State v. Brown*, 320 N.C. 179, 358 S.E.2d 1, 15-16 (1987) (evidence is not only what they hear on the stand but what they witness in the courtroom). The cases from other jurisdictions are not particularly helpful. Most of these cases are distinguishable because like *Klok* and *Smith* they involve a prosecutor's comments on a defendant's demeanor. And there are cases on both sides of the issue of whether a defendant's demeanor constitutes evidence.

defendant has shown that the trial outcome would have been materially affected absent the error. *Gresham*, 173 Wn.2d at 433.

¶19 Applying the nonconstitutional error standard, we hold that the error was not prejudicial for two reasons. First, the record contains no reference to any behavior, comments, or other demeanor by Barry during trial.[5] As a result, we do not know what demeanor "evidence" the jury may have considered or whether his demeanor could have affected the verdict. Consequently, it is impossible to conclude that the improper jury instruction prejudiced Barry.

¶20 Second, without any information identifying what demeanor the jury may have considered, it is impossible to know whether that consideration was favorable or unfavorable to Barry. In the abstract, a defendant's demeanor is neutral. Depending on the demeanor, a jury could draw a negative inference or a positive inference from how the defendant acts during trial. As a result, merely stating that a jury may have considered a defendant's demeanor without any information about that demeanor cannot establish prejudice because that consideration may have favored the defendant.

¶21 We hold that the absence in the record of any description of Barry's demeanor precludes him from establishing that the trial court's instruction that allowed the jury to consider that demeanor prejudiced him. Accordingly, although we hold that the instruction was improper, the absence of prejudice precludes reversal on this basis.

¶22 We consider Barry's remaining arguments in the unpublished portion of this opinion. We affirm his conviction.

¶23 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

---

[5] Barry points out that the trial court directed Barry and trial observers to sit stoically through trial. But nothing in the record indicates whether Barry followed that direction.

shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, A.C.J., and BJORGEN, J., concur.

Review granted at 180 Wn.2d 1021 (2014).