766 P.2d 315

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Earnest Earl GRIFFIN,
Defendant–Appellant.**

No. 10402.

Court of Appeals of New Mexico.

Nov. 17, 1988.

Certiorari Denied Dec. 23, 1988.

56

Hal Stratton, Atty. Gen., Sharon Walton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

William Ivry, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals from the amended judgment and sentence finding him to be a habitual offender and increasing his underlying sentence by eight years. Defendant's underlying conviction for aggravated assault and negligent use of a deadly weapon was affirmed last year by memorandum opinion. *State v. Griffin*, Ct.App. No. 10,-037 (Filed October 20, 1987). Defendant was charged in a supplemental information with the commission of four prior felonies: 1) involuntary manslaughter, 2) forgery, 3) possession of burglary tools, and 4) unlawful sale of marijuana.

Defendant raises ten issues on appeal. We consolidate and discuss the issues as follows: (I) Whether denial of a jury trial for habitual offender proceedings violated defendant's constitutional rights; (II) whether the trial court abused its discretion in allowing two previously unidentified state's witnesses to testify in habitual offender proceedings; (III) whether there was sufficient evidence identifying defendant as the same person convicted of four prior offenses; (IV) whether the trial court erred in finding certain state's exhibits to be self-authenticating; (V) whether the state established the dates and sequence of prior convictions; (VI) whether defendant was denied effective assistance of counsel; and (VII) whether audio-recording of habitual offender proceedings was required.

## FACTS

Before the hearing began, defendant moved for a jury determination of identity and for the proceedings to be taped rather than recorded by computer-aided transcription. Both motions were denied. Defendant also moved to have his defense attorney dismissed but later withdrew his motion. In response to defendant's objection to the state's failure to provide a witness list, the trial court granted a short continuance to allow defendant to interview the state's two witnesses.

Several state's exhibits were admitted into evidence as self-authenticating over defendant's objections. These exhibits included the judgments and sentences of all but the forgery conviction, the plea agreement on the involuntary manslaughter conviction, fingerprint records and photographs. Defendant's objection to state's exhibit 3–J & S, the judgment and sentence for the prior forgery conviction, was sustained.

State's witness Michael Cox, the prosecutor on the underlying aggravated assault conviction, testified that he had been present at the involuntary manslaughter plea agreement hearing and that defendant had admitted to having been convicted of the three other prior felonies charged in the supplemental information. Another state's witness, William Reinig, a fingerprint expert, obtained defendant's fingerprints during the hearing, compared them with the state's fingerprint exhibits, and testified that defendant's fingerprints matched those in the state's exhibits.

I. Whether denial of a jury trial for habitual offender proceedings violated defendant's constitutional rights.

Defendant claims he was entitled to a jury determination in his habitual offender proceeding, pursuant to the U.S. Const. amend. VI and N.M. Const. art. II, § 12. We disagree.

■ Defendant did not preserve the state constitutional claim for review. *State v. James*, 76 N.M. 376, 415 P.2d 350 (1966) (errors not raised in the trial court cannot be first raised on appeal unless the errors claimed are jurisdictional or fundamental). Defendant has not argued that the state constitutional claim is jurisdictional or fundamental error. Further, this court has held that the determination of identity in a habitual offender proceeding does not involve a fundamental right. *State v. Bejar*, 104 N.M. 138, 717 P.2d 591 (Ct.App.1985). Accordingly, the state constitutional claim is not before this court. *State v. James*.

Habitual criminality is a status rather than an offense. Allegations of prior convictions do not constitute a charge of a distinct crime but relate only to punishment to be imposed in the last case in which the accused was convicted of a felony in this state. *Lott v. Cox*, 75 N.M. 102, 401 P.2d 93 (1965). The proceeding does not involve a determination of guilt of any offense, nor is it a trial in the constitutional sense for purposes of determining competency to stand trial. *See State v. Nelson*, 96 N.M. 654, 634 P.2d 676 (1981); *see also State v. Linam*, 93 N.M. 307, 600 P.2d 253, *cert. denied*, 444 U.S. 846, 100 S.Ct. 91, 62 L.Ed. 2d 59 (1979) (habitual offender proceeding involves only sentencing, not trial of an offense and, therefore, double jeopardy does not attach).

■ There is no federal sixth amendment right to a jury determination in a habitual offender proceeding. *See Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); *see also Key v. State*, 463 A.2d 633 (Del.1983); *State v. Losieau*, 184 Neb. 178, 166 N.W.2d 406 (1969); *Howard v. State*, 83 Nev. 53, 422 P.2d 548 (1967). The United States Supreme Court has held that a defendant must be given reasonable notice of habitual offender proceedings, be present with counsel, be confronted with witnesses against him, and have the right to cross-examine and offer evidence of his own. *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). Beyond that, a state is constitutionally free to adopt such methods for habitual criminal proceedings as are most harmonious with "the particular jurisdiction's allocation of responsibility between court and jury * * * [and are] best accommodat-

ed to the State's established trial procedures * * *." *Spencer v. Texas*, 385 U.S. at 567, 87 S.Ct. at 655. Accordingly, our legislature has determined to no longer provide for a jury determination in habitual offender proceedings. NMSA 1978, § 31–18–20 (Repl.Pamp.1987); *State v. Bejar*.

II. Whether the trial court abused its discretion in allowing two previously unidentified state's witnesses to testify in habitual offender proceedings.

Defendant claims it was error to allow state's witnesses Cox and Reinig to testify. Assuming, without deciding, that SCRA 1986, 5–501 and 5–505 apply to a habitual offender proceeding, we do not believe the trial court abused its discretion in allowing these witnesses to testify. Defendant has failed to show prejudice by the admission of their testimony.

■ Failure to disclose a witness' identity prior to trial in itself is not grounds for reversal. *Khalsa v. Khalsa*, 107 N.M. 31, 751 P.2d 715 (Ct.App.1988). The objecting party must show that he was prejudiced by such non-disclosure. *Id.* Defendant's reliance upon *State v. Billington*, 86 N.M. 44, 519 P.2d 140 (Ct.App.1974), and *Khalsa* is not helpful to support a claim of prejudice.

■ Although defendant was not informed that Cox and Reinig were to testify until the date of the hearing, defendant never asked for a continuance. *State v. Billington*. However, the trial court indicated that it would grant a short continuance to allow defendant to interview Cox and Reinig. In response to the trial court's query as to how much time would be needed for the interview, defense counsel asked for at least until that afternoon. A continuance for that period of time was granted. Once the hearing reconvened, defendant never requested additional interview time. *State v. Billington*. Only on appeal did defendant indicate that he needed more time to interview or depose the witnesses or obtain other witnesses. Finally, defendant never claimed that the witnesses' testimony was contrary to the information he obtained during his interview of them. *See Khalsa v. Khalsa*.

Moreover, the witnesses' testimony was ascertainable. *See State v. Billington*. The state's exhibits included the involuntary manslaughter plea and disposition agreement which was the subject of Cox's testimony. The exhibits also included several fingerprint records of defendant. Defendant could have ascertained there might be testimony concerning some of the exhibits and that he might be fingerprinted at the hearing for comparison purposes.

Defendant also has not shown how his cross-examination of the witnesses could have been improved. In fact, Cox's testimony was discredited in cross-examination. *Khalsa v. Khalsa*. Defendant does not claim that he has found a fingerprint expert who would disagree with Reinig's determination. *Cf. State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979) (nothing prohibited defense counsel from attempting to ascertain true facts after trial and moving for a new trial based upon newly discovered evidence).

Finally, defendant's claim that Cox was not present at the prior plea agreement hearing does not require a different result. The plea and disposition agreement for defendant's conviction of involuntary manslaughter was itself properly admitted into evidence. The agreement contains defendant's admission to having been convicted of the three prior felonies at issue here. The plea and disposition agreement, the state's fingerprint exhibits, and testimony that the fingerprints of defendant matched the fingerprints in the state's fingerprint exhibits are more than sufficient evidence on the issue of identity.

Accordingly, since Cox's testimony was cumulative and unnecessary on the issue of identity, *State v. Billington*, and Reinig's testimony was clearly ascertainable, there was no prejudice or abuse of discretion in allowing Cox and Reinig to testify. *Khalsa v. Khalsa; State v. Billington*.

III. Whether there was sufficient evidence identifying defendant as the same person convicted of the prior offenses.

■ Defendant's claim that there was insufficient evidence of identity is without

merit. This court will not reweigh the evidence. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978). We believe Cox's testimony, along with the involuntary manslaughter plea and disposition agreement, the fingerprint exhibits, photograph exhibits and Reinig's testimony that defendant's fingerprints matched those in the fingerprint exhibits, was substantial evidence of identity. *State v. Linam; State v. Lankford.*

IV. Whether the trial court erred in finding certain state's exhibits to be self-authenticating.

■ Defendant's claim that the state's exhibits were not self-authenticating is also without merit. The admission of evidence is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *State v. Stout,* 96 N.M. 29, 627 P.2d 871 (1981). All of the state's exhibits were copies of public documents. To be self-authenticating, SCRA 1986, 11–902(D), only requires the copies be certified by the custodian of the record in compliance with Rule 11–902(A), (B), or (C).

■ State's exhibits 2–Sup, 2–P, 4–J & S and 5–J & S are all certified pursuant to Rule 11–902(A). They have the district court seal and the signature of a deputy clerk on them or on an attachment to them. State's exhibit 7 has a certification by Irene I. Trujillo, the Commander of the Records Bureau of the New Mexico State Police, that she is required by law to maintain the records and that they are correct copies. The certification contains the seal of the State Police and the Commander's signature.

■ State's exhibits 2–F, 2–M, 1–J & S and 2–J & S are all certified pursuant to Rule 11–902(B). State's exhibit 6 consists of two certifications. The first is a certification by Charlene Tsoodle–Marcus, the prison records supervisor, that the exhibits referred to are copies of documents she has on file. The second certification is by Rebecca Vigil–Giron, the Secretary of State, that Ms. Tsoodle–Marcus is the prison records supervisor and that the signature on the first certification is that of Ms. Tsoodle–Marcus. Ms. Vigil–Giron's certification is under the seal of the Secretary of State.

■ Defendant fails to direct this court to any authority for the claim that only the warden may make a certification pertaining to a prison records manager. *In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984). Neither *State v. Padilla,* 92 N.M. 19, 582 P.2d 396 (Ct.App.1978), nor *Stout* have such a narrow holding. All that Rule 11–902(B) requires is that a public officer, who has a seal and official duties in the district or political subdivision of the signing officer or employee, certify under seal that the signer has the official capacity and that the signature is genuine. Since the state's exhibits met the self-authenticating requirements, we find no abuse of discretion in their admission. *State v. Stout.*

V. Whether the state established the dates and sequence of prior convictions.

■ Defendant claims the state failed to prove the dates of commission of the forgery and unlawful sale of marijuana offenses and, therefore, failed to prove a proper sequence. We disagree.

State's exhibit 2–P, the plea and disposition agreement for the involuntary manslaughter conviction, clearly indicates the dates of commission for the forgery and unlawful sale of marijuana offenses. We do not agree that *Linam* requires more evidence on the dates of the occurrences of the crimes of forgery and unlawful sale of marijuana. Defendant's argument goes to the weight to be given the evidence, which is a matter for the trial court. *State v. Copeland,* 105 N.M. 27, 727 P.2d 1342 (Ct. App.1986). Although the evidence is conflicting on the correct date the unlawful sale of marijuana offense was committed, this is also a matter to be decided by the trial court. *See State v. Lankford* (trier of fact resolves conflicts in the evidence).

Moreover, the date of commission of the unlawful sale of marijuana offense must necessarily precede the date of conviction. *Cf. State v. Rogers,* 93 N.M. 519, 602 P.2d 616 (1979) (dates of commission had to pre-

cede dates of accusatory pleadings charging the offenses). The date of commission of the unlawful sale of marijuana preceded the dates of commission and conviction for the other prior felonies. Therefore, the evidence is more than sufficient on proper sequence. *State v. Linam.*

## VI. Whether defendant was denied effective assistance of counsel.

Defendant claims ineffective assistance of counsel based upon an unkept promise he allegedly relied on in his plea based marijuana conviction and upon general assertions of possible inadequacy by his defense counsel. The standard for ineffective assistance of counsel is whether defense counsel exercised the skill of a reasonably competent attorney. *State v. Talley*, 103 N.M. 33, 702 P.2d 353 (Ct.App. 1985). Defendant has the burden of showing both the incompetence of his attorney and prejudice. *Id.*

The supplemental information charged defendant with having been convicted of four prior felonies. Defendant's sentence on the underlying conviction was enhanced under NMSA 1978, Section 31–18–17(D) (Repl.Pamp.1987), which allows enhancement for three or more prior felony convictions. Defendant has not shown any prejudice from his counsel's failure to contest the use of the marijuana conviction for enhancement purposes. *State v. Talley.* Moreover, defendant does not claim that he disclosed any promises or peripheral agreement to the trial court in the plea agreement proceeding for the unlawful sale of marijuana conviction. Accordingly, he has waived any error. *Cf. State v. Lord*, 91 N.M. 353, 573 P.2d 1208 (Ct.App.1977) (nondisclosure of an unkept promise by the state waives any error). Defendant also claims that his former counsel's representation of his co-defendant invalidated the plea agreement by creating a conflict of interest. However, defendant has not supported this assertion with any facts to show a conflict of interest. *State v. Hernandez*, 100 N.M. 501, 672 P.2d 1132 (1983). Therefore, we do not consider the claim.

Defendant does not claim that his counsel was involved in the cover-up of which he accuses other public defenders. Nor does he indicate how his counsel failed in his loyalty to defendant. As noted above, any failure to confer with him on the defense of an invalid plea agreement was not prejudicial. Defendant has not shown how his counsel failed to make the hearing a reliable adversarial determination. Accordingly, defendant has not met his burden of showing incompetency, prejudice or ineffective assistance of counsel. *State v. Talley.*

## VII. Whether audio recording of habitual offender proceedings was required.

A typed recording of the habitual offender proceedings was made by means of computer-aided transcript under a pilot program established by the New Mexico Supreme Court. *See* Supreme Court Misc. Order No. 8000, dated January 6, 1986, and as amended August 3, 1987. Defendant claims SCRA 1986, 22–301 required his habitual offender proceeding to be audio recorded. This issue was not contained in the docketing statement and no motion to amend the docketing statement to include this issue was filed. *State v. Hernandez*, 95 N.M. 125, 619 P.2d 570 (Ct.App.1980). Assuming defendant's inclusion of the issue in the brief-in-chief could be construed as a motion to amend the docketing statement, the motion is untimely. *State v. Jacobs*, 91 N.M. 445, 575 P.2d 954 (Ct.App. 1978) (motion to amend filed after original briefing period is untimely). We do not consider the issue.

For the above reasons, the amended judgment and sentence is affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.