**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                             **NO. 27,715**

**ARMANDO J. ANDRADE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Joe Parker, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Albright Law and Counseling
Jennifer R. Albright
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

This appeal arises out of Defendant's conviction for one count of criminal damage to property in violation of NMSA 1978, Section 30-15-1 (1963) and one count of shoplifting in violation of NMSA 1978, Section 30-16-20 (2006). Defendant raises several issues on appeal: (1) whether the district court erred in failing to provide a remedy in response to the State's failure to file a witness list, (2) whether

the district court erred in allowing evidence of Defendant's prior larceny conviction, (3) whether the district court erred in denying Defendant's motion for directed verdict, and (4) whether fundamental error occurred when the district court allowed the State to discuss the theory of transferred intent. We affirm the district court on all issues.

**FACTS AND PROCEDURES**

On June 19, 2006, Defendant and his girlfriend entered Stansell's Thriftway in Clovis, New Mexico. Mr. Stansell, the store owner, and a store employee saw Defendant put two peanut brittle patties into his clothing. Mr. Stansell then approached Defendant and asked Defendant for the patties. After refusing once, Defendant gave Mr. Stansell the patties, and Defendant began to move toward the doorway in an attempt leave the store. Mr. Stansell told Defendant that he had to remain in the store because the police had been notified. As Defendant continued trying to leave the store, store employees blocked the exit doorway. At that point, Defendant kicked his foot behind him in the direction of one of the store employees. He missed the employee and kicked the front door of the store, cracking the glass in the door. Mr. Stansell and the store employees grabbed Defendant and held him outside the store until police arrived.

Defendant was convicted in magistrate court of criminal damage to property and shoplifting. Defendant appealed his convictions to the district court pursuant to

Rule 6-703 NMRA. The district court proceeded with a trial de novo where a jury found Defendant guilty on both counts. Defendant appeals his convictions in the district court. We review each of Defendant's arguments.

**DISCUSSION**

**The District Court Did Not Abuse Its Discretion in Refusing to Provide a Remedy for the State's Failure to File a Witness List**

At the outset of his trial in district court, Defendant orally objected because the State failed to present a witness list prior to trial. The district court denied Defendant's objection and proceeded with trial. Defendant now argues that the State violated Rule 5-501(A)(5) NMRA. Defendant claims that he was prejudiced by not having the list of material witnesses before trial and that he was unable to properly prepare for trial. Specifically, Defendant argues that the outcome may have changed if he had known the names of witnesses at an earlier date. Defendant asserts that he would have been able to discover the relationships between the officers and the store owner, which could have caused the witnesses' testimony to be compromised. Defendant argues in his brief that he allegedly discovered one of the officers was related to Mr. Stansell, but only made this discovery after the trial was completed. The State counters that its failure to provide Defendant with a new list of witnesses was inadvertent and that Defendant was not prejudiced because he had notice from the magistrate court of the witnesses' names prior to trial and was prepared for cross-examination prior to trial.

3

We review the district court's decision for any abuse of discretion. *State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701. "In order to find abuse of discretion, we must conclude that the decision below was against logic and not justified by reason." *Id.* In determining whether the district court's actions require reversal, we consider the following four factors:

> (1) whether the [s]tate breached some duty or intentionally deprived the defendant of the evidence[,] (2) whether the improperly non-disclosed evidence was material[,] (3) whether the non-disclosure of the evidence prejudiced the defendant[,] and (4) whether the [district] court cured the failure to timely disclose the evidence.

*Id.* ¶ 8 (internal quotation marks and citation omitted). Defendant focuses primarily on factors one and three, and therefore we confine our analysis to those two factors. We consider whether the State intentionally failed to notify Defendant of its intended witnesses and whether Defendant was prejudiced when the State inadvertently failed to provide another list of witnesses to Defendant pursuant to Rule 5-501(A)(5). We conclude that, although the State inadvertently failed to provide another witness list, Defendant had notice of the names of the witnesses prior to trial and he was not prejudiced.

Prior to the district court trial, Defendant knew the names of the State's witnesses because all of the witnesses who testified in the magistrate court trial also testified a second time in district court. All four witnesses were fully and adequately

4

disclosed to Defendant before jurisdiction ever transferred to the district court. Defendant does not argue that he did not have proper notice of the witness information prior to the commencement of the magistrate trial. Finally, the witnesses were issued subpoenas prior to trial, and copies of the subpoenas were in the district court file.

Defendant fails to establish that he suffered any prejudice at trial based upon the lack of notice of any witnesses. Defendant was not deprived of the opportunity to prepare for and to cross-examine the State's witnesses. *See State v. Quintana*, 86 N.M. 666, 668-69, 526 P.2d 808, 810-11 (Ct. App. 1974) (stating that one of the purposes of requiring the state to disclose the names of witnesses prior to trial is to allow the defendants the opportunity to prepare for cross-examination). The district court trial was Defendant's second chance to cross-examine the witnesses because he had the earlier opportunity to confront the same witnesses during his trial in magistrate court. In addition, between the first and second trial, Defendant had ample additional time to investigate any relationships between the witnesses that could have biased their testimony. Defendant cannot now blame the State for any deficiencies in his pre-trial investigation and preparations.

Defendant has failed to provide any authority to support his argument that strict compliance with Rule 5-501(A)(5) is required by the district court when the same witnesses testified a second time at the de novo appeal from a magistrate court

5

conviction. Any technical violation of Rule 501(A)(5) produced no prejudice where these same witnesses appeared and testified the second time at the district court trial. We conclude the district court did not abuse its discretion by allowing the witnesses to testify. *McDaniel*, 2004-NMCA-022, ¶¶ 14-15 (stating that this Court will not reverse the district court's decision unless a defendant can demonstrate that he was prejudiced by the decision and that his assertion of prejudice is more than speculative); *State v. Griffin*, 108 N.M. 55, 58, 766 P.2d 315, 318 (Ct. App. 1988).

**The District Court Did Not Err in Allowing Evidence of Defendant's Prior Larceny Conviction**

At trial, Defendant argued his motion in limine to prevent the State from discussing Defendant's prior conviction for larceny. The State's response asserted, among other things, that it could introduce a prior felony conviction for dishonesty under Rule 11-609(A)(2) NMRA because Defendant was charged with a crime of dishonesty. Defendant countered that the district court must analyze whether the evidence would be more prejudicial than probative under Rule 11-403 NMRA and that in this case, the evidence was more prejudicial than probative and should not be allowed. After a lengthy discussion, the district court found the evidence was admissible under Rule 11-609(A)(2) and the State asked Defendant about his prior conviction for larceny during cross-examination.

On appeal, Defendant argues that the district court improperly allowed the

evidence to be admitted after failing to properly analyze the issue and failing to perform the proper balancing test under Rule 11-403. Defendant does not argue that the district court abused its discretion, but rather that the court improperly applied the law by failing to conduct the balancing test. The law is unambiguous that any evidence admitted in a criminal trial is subject to Rule 11-403. *Lenz v. Chalamidas*, 109 N.M. 113, 117, 782 P.2d 85, 89 (1989) ("It is clear from *Day* that the balancing provision of Rule [11-]403 continues to apply to Rule [11-]609(A)(2)."); *State v. Day*, 91 N.M. 570, 575-76, 577 P.2d 878, 883-84 (Ct. App. 1978) (analyzing the language of former Rule 11-609(A)(2) and Rule 11-403, concluding that the "[district] court's discretionary authority in admitting or excluding evidence under Evidence Rule [11-]403 continues to apply to any evidence," including evidence admitted pursuant to Rule 11-609(A)(2)). The State concedes this point.

The State, however, argues that the evidence was properly admitted after the district court conducted the requisite balancing test. We review de novo whether the district court properly applied the law to the facts in this case. *State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232 ("A misapprehension of the law upon which a court bases an otherwise discretionary evidentiary ruling is subject to de novo review.").

Although the record is inconsistent and does not detail exactly how the district

court weighed the competing factors under Rule 11-403, sufficient statements were made on the record to establish that the district court performed the balancing test before ruling on the issue. Defendant repeatedly argued that the evidence was more prejudicial than probative because admitting the evidence would have a chilling effect on Defendant's ability to testify and because the jury would see that he had committed a similar crime in the past and assume he had done the crime in question as well. After listening to Defendant's arguments, the district court acknowledged several times that it understood the necessity of balancing the competing interests. The court stated:

> I've given credit or note to your . . . able argument, and I recognize that there is a competing factor between prejudice and probative value. I recognize also that there will be some prejudice that will be imposed upon the Defendant by . . . this ruling. I understand also, however, it has probative value that the State is entitled to.

In addition, the district court limited the prejudicial impact by allowing only one question to be asked by the State and no further inquiry regarding the prior conviction. Reviewing the district court's comments and recognition of the Rule 11-403 balancing test, along with its ruling to limit the inquiry about the Defendant's prior conviction, the record is sufficiently clear that the district court considered both the probative value and prejudicial effects of allowing the admission of Defendant's prior conviction. *See State v. Trejo*, 113 N.M. 342, 344-45, 825 P.2d 1252, 1254-55 (Ct.

App. 1991) (affirming the district court's ruling to allow evidence of a prior conviction when the court did not discuss on the record its thought process regarding the balancing test but when its decision followed the defense's arguments that evidence of the prior conviction was more prejudicial than probative).

Finally, Defendant does not argue on appeal that the district court abused its discretion when it allowed Defendant's prior conviction for larceny to be admitted under Rule 11-609(A)(2) and Rule 11-403. This Court will not address issues that were not raised on appeal. We affirm the district court after concluding that the district court did not err in admitting Defendant's prior felony conviction.

**The District Court Properly Denied Defendant's Motion for a Directed Verdict**

After the State presented its evidence, Defendant moved for a directed verdict on the charge for criminal damage to property. Section 30-15-1 reads as follows: "Criminal damage to property consists of intentionally damaging any real or personal property of another without the consent of the owner of the property." Defendant argued that the State failed to present evidence that Defendant intentionally acted to break the door. The district court denied the directed verdict motion.

Defendant argues on appeal that the district court erred by denying his motion for a directed verdict, insisting that the State failed to prove that he intended to cause

damage to the door, in other words, that the State failed to establish specific intent. The State counters that because criminal damage to property is a general intent crime, the State had to prove only that Defendant acted intentionally by kicking with his foot. Consequently, the State was not required to prove that Defendant had a specific intent, such as an intent to cause the specific result, being the damage to the door. We agree with the State's assessment.

We review a ruling on a directed verdict to determine if there was sufficient evidence to support the underlying charge. *State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *Id.* (internal quotation marks and citation omitted). This Court "view[s] the evidence as a whole and indulge[s] all reasonable inferences in favor of the jury's verdict, while at the same time asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* ¶ 10 (alteration in original) (internal quotation marks and citations omitted). We review de novo the district's court's application of the law to the facts. *State v. Barreras*, 2007-NMCA-067, ¶ 3, 141 N.M. 653, 159 P.3d 1138, *cert. denied*, 2007-NMCERT-005, 141 N.M. 763, 161 P.3d 260.

General intent requires "only the intention to make the bodily movement which constitutes the act which the crime requires." *State v. Contreras*, 2007-NMCA-119, ¶ 16, 142 N.M. 518, 167 P.3d 966 (internal quotation marks and citation omitted); *State v. Haar*, 110 N.M. 517, 521, 797 P.2d 306, 310 (Ct. App. 1990) ("Section 30-15-1 requires general intent to do the act causing the damage and no more."). As a general intent crime, Section 30-15-1 does not require more than the intentional act of kicking one's foot. An accused does not need to intend the result of his actions in order to be held criminally liable. UJI 14-141 NMRA ("A person acts intentionally when he purposely does an act which the law declares to be a crime, even though he may not know that his act is unlawful."); *see Haar*, 110 N.M. at 521, 797 P.2d at 310. The object that ultimately received the blow from Defendant's foot is irrelevant to establish general intent. Whether Defendant was accurate with his aim does not negate the general intent to kick. It is only crimes of specific intent that require proof that Defendant intended a specific consequence from his intentional act of kicking.

The State needed to prove that Defendant had the intent to kick his foot, not the intent to damage the property. *See Haar*, 110 N.M. at 523, 797 P.2d at 310 (holding that the defendant needed to intend only to shoot the gun, not to damage the car and the contents inside the car). Defendant violated Section 30-15-1 as long as Defendant's intentional act of kicking caused the resulting damage to the door. Three

witnesses testified that they saw Defendant kick the door. Defendant in his brief-in-chief admitted the kick. He offered two defenses to his actions: (1) that he slipped when being grabbed by several other men, breaking the door, or (2) that he kicked at one of the men in defense of himself, missed, and broke the door. By its verdict, the jury rejected Defendant's claimed defenses that he slipped or was defending himself. Defendant's admission on appeal that the evidence supported the conclusion that he kicked the door, together with the reasonable inferences from the surrounding circumstances, were sufficient for a jury to find that Defendant had the general intent for criminal damage to property. UJI 14-141 ("[I]ntent[] may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, . . . and any statements made by him."). "Viewing the evidence in the light most favorable to the [district court's ruling], as we must, and allowing all reasonable inferences in support of the [ruling]," we hold that a jury could reasonably infer that Defendant intentionally kicked his foot and caused damage to the door. *Haar*, 110 N.M. at 522, 797 P.2d at 311. We determine that there was sufficient evidence to deny Defendant's motion for a directed verdict.

**No Fundamental Error Resulted from the State's Transferred Intent Argument**

During the trial, the State argued that Defendant's intent should be transferred from kicking at the store employee to kicking the door. The State asserted that

12

Defendant's "intent transfers, goes along with the kick. The kick is the intentional act, not the result." The State first presented this theory outside the presence of the jury while arguing that the district court should not grant Defendant's directed verdict motion. The State also made this argument to the jury during its closing. Defendant concedes that he failed to object to the State's argument in either instance, so we review the issue on appeal for fundamental error. *State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 ("When the [district] court had no opportunity to rule on [a claimed error] because the defendant did not object in a timely manner, we review the claim on appeal for fundamental error."). Fundamental error "arises when the prosecutor engages in misconduct that compromises the defendant's right to a fair trial." *State v. Rojo*, 1999-NMSC-001, ¶ 55, 126 N.M. 438, 971 P.2d 829. We must now decide whether the State's transferred intent argument deprived Defendant of a fair trial.

The State incorrectly argued the theory of transferred intent. The legal theory of transferred intent is normally used when the crime is one of specific intent. *State v. Fekete*, 120 N.M. 290, 296, 901 P.2d 708, 714 (1995). "When a criminal statute matches specific intent with a specific victim, the doctrine of transferred intent protects an unintended victim." *Id.* (providing as an example the specific intent crime of murder where "a defendant, while intending to kill one person, accidentally kills

13

an innocent bystander or another unintended victim") (internal quotation marks omitted). The theory does not normally apply to general intent crimes because the intent is to commit the action and not the intended result. *Id.* ("The purpose of the doctrine is to impose a criminal liability upon an actor when he or she intends to commit a criminal act, and the actual result differs from the result designed or contemplated only in that a different person or property was injured or affected." (internal quotation marks and citation omitted)).

Nevertheless, the State's misplaced references to transferred intent did not undermine the jury's verdict because, as we have discussed, the charged crime required only a showing of general intent. By arguing transferred intent, the State imposed on itself a greater burden, to prove specific intent. We have already determined that the evidence was sufficient to establish the requisite general intent. Therefore, no fundamental error resulted from the State's actions because the State proved more than was required. *See State v. Baca*, 1997-NMSC-045, ¶ 41, 124 N.M. 55, 946 P.2d 1066 ("Fundamental error only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand.").

**CONCLUSION**

We affirm the district court on all issues.

14

**IT IS SO ORDERED**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**CELIA FOY CASTILLO, Judge**