2007-NMCA-067

159 P.3d 1138

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Juan BARRERAS, Defendant–Appellant.**

**No. 25,927.**

Court of Appeals of New Mexico.

April 6, 2007.

Certiorari Denied, No. 30,376, May 24, 2007.

Gary K. King, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Theodosia Johnson, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

PICKARD, Judge.

{1} Defendant appeals his conviction for criminal damage to property, contrary to NMSA 1978, § 30–15–1 (1963). Defendant argues that the district court erroneously denied his motion for a directed verdict, because there was insufficient evidence to support the amount-of-damage element of the offense. We hold that the State presented substantial evidence to support the elements of the charge as defined by the statute and uniform jury instruction. Therefore, we affirm.

## BACKGROUND

{2} Defendant was alleged to have used a tire iron on December 21, 2003, to damage his boss's 2002 Cadillac Escalade. The damage included breaking the passenger side windows, the rear window, the front windshield, and the passenger side rear-view mirror, as well as denting the roof and the passenger side door. Defendant was charged with criminal damage to property, pursuant to Section 30–15–1. At trial, the State presented evidence that the actual cost to repair the damage was $5,100. There was also evidence that the vehicle was one year old and in good condition at the time of the damage. There was no other evidence concerning the amount of damage to the vehicle. Defendant moved for a directed verdict, which was denied. The charge went to the jury, but a mistrial was declared and the case was set for re-trial. Defendant pleaded guilty, reserving the right to appeal the district court's decision that there was sufficient evidence to submit the charge to the jury. Defendant reserved the right to appeal the denial of his directed verdict motion.

## DISCUSSION

{3} Defendant does not dispute the evidence to support the cost of repair, but argues that under the statute and applicable jury instruction, evidence of the cost of repair alone was insufficient to support a conviction for criminal damage to property. Therefore, the issue is whether the State presented substantial evidence to support the charge. *See State v. Dominguez,* 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct.App.1993) ("The question presented by a directed verdict motion is whether there was substantial evidence to support the charge."). Because this is an issue that arose on Defendant's directed verdict motion, we must analyze the

evidence in light of the jury instructions submitted at trial. *See State v. Schackow*, 2006–NMCA–123, ¶ 8, 140 N.M. 506, 143 P.3d 745 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (internal quotation marks and citation omitted)). We review the district court's application of the law to the facts de novo. *See State v. Attaway*, 117 N.M. 141, 144–45, 870 P.2d 103, 106–07 (1994) (stating that in reviewing the trial court's determination of a mixed issue of law and fact, the appellate court reviews findings of historical fact to determine if they are supported by substantial evidence and reviews de novo the application of the law to the facts of the case), *modified on other grounds by State v. Lopez*, 2005–NMSC–018, 138 N.M. 9, 116 P.3d 80.

■ {4} To convict Defendant of criminal damage to property as a fourth degree felony, the jury was instructed that it had to find, in part, that the amount of damage was more than $1000. Section 30–15–1; UJI 14–1501 NMRA. The jury was also instructed in accordance with UJI 14–1510 NMRA, which defines "[a]mount of damage" as

the difference between the price at which the property could ordinarily be bought or sold prior to the damage and the price at which the property could be bought or sold after the damage. If the cost of repair of the damaged property exceeds the replacement cost of the property, the value of the damaged property is the replacement cost.

{5} We interpret the jury instruction definition as providing two methods of determining the amount of damage. The first way is what the parties refer to as the "market value" or "diminution in value," as provided in the first sentence of the jury instruction. It is defined as the difference between the price for which the property could be bought or sold before the damage and the price after the damage. We refer to this method as the before and after value.

{6} The second method is the cost of repair. The second sentence of the jury instruction provides that if the cost of repair is more than the replacement cost, the value or amount of damage is the replacement cost. Logically, the inverse is true—if the cost of

repair does not exceed the replacement cost of the property, then the cost of repair is the value used to determine the amount of damage.

{7} We are supported in this view of the applicable jury instruction by several lines of authority—New Mexico criminal cases, New Mexico civil authority, and out-of-state authority. Our criminal cases, albeit decided prior to the adoption of UJI 14–1510, have indicated without discussion that cost of repair evidence in the form of repair estimates is sufficient to establish the amount of damage to property. *See State v. Haar*, 110 N.M. 517, 520, 797 P.2d 306, 309 (Ct.App. 1990). In the civil arena, our uniform jury instructions provide two instructions permitting the jury, when "determining property damage," to either "award the reasonable expense of necessary repairs to the property which was damaged" or "award the difference between the fair market value of the damaged personal property immediately before the occurrence and its fair market value immediately after the occurrence." UJI 13–1813 NMRA, UJI 13–1814 NMRA. Similarly, cost of repair has been recognized by other jurisdictions as a measure of damage to property in criminal cases alternative to before and after value. *See, e.g., Willett v. State*, 826 P.2d 1142, 1144–45 (Alaska Ct.App.1992); *People v. Dunoyair*, 660 P.2d 890, 894–95 (Colo.1983) (en banc). While the jury instruction could be more clear in separating the two methods of determining amount of damages and describing them as alternatives, it is not so unclear that the jury is left without guidance. *See State v. Wilson*, 116 N.M. 793, 796, 867 P.2d 1175, 1178 (1994) (encouraging the Court of Appeals to express its rationale for concerns over a uniform jury instruction not yet passed upon by the Supreme Court).

{8} In fact, Defendant agrees that the jury instruction provides two alternative measures of determining the amount of damage. However, Defendant asserts that there was no evidence presented to support the first method, and that to prove the amount of damages under the second method, the State must present evidence of both the cost of repair and the cost of replacement so that the jury

can compare them to determine if the cost of repair exceeds the replacement cost. Defendant argues that the State failed to present substantial evidence because there was no evidence concerning the cost of replacing the vehicle.

{9} We first note that Defendant did not place in dispute below or seriously place in dispute on appeal the question of whether the cost of repair exceeded the value of the damaged property. *See Willett,* 826 P.2d at 1146 (suggesting that proof of value will be necessary only when the question is put in issue). Indeed, Defendant's reply brief refers to information obtained from a popular vehicle valuation web site, indicating that the value of the vehicle in 2006, three years after the offense at the time the reply brief was written, was between $11,000 and $23,000. Evidence of replacement cost may be necessary where the vehicle is older and/or made by a lesser-named manufacturer. However, we conclude that with evidence the Cadillac Escalade was one year old and in good condition at the time of the damage, the average juror would know that such a high-end sport utility vehicle has a replacement cost well over $5,100. *See State v. Privett,* 104 N.M. 79, 82, 717 P.2d 55, 58 (1986) (recognizing that lay jurors are capable of assessing matters within their common knowledge and experience).

{10} We note that the parties and the trial judge appeared to rely on the before and after value method, which we decide is not necessary to discuss here. We recognize that the before and after value method of determining the amount of damage is sometimes arrived at in terms of cost of repair. For example, where damage to a vehicle is only superficial, easily repairable, and does not affect the integrity of the vehicle, in contrast to engine or frame damage, the cost of repair may very well equal the before and after value. *See Milby Auto Co. v. Kendrick,* 8 S.W.2d 743, 744 (Tex.Civ.App.1928) ("If the injured property is restored to its condition prior to its injury, its market value would ordinarily be restored, and the cost of such restoration would be identical with the difference between its market value before and after its injury."). However, this may not always be the case, for example, when the vehicle is older and has substantially depreciated in value.

{11} In any case, we need not decide whether we approve this reasoning. The jury instruction provides two distinct methods, neither one more preferable than the other for proving the amount of damage to property. We hold that the State may rely on cost of repair evidence and, when it does, the amount of damage can be assessed without determining the before and after value of the property. *Cf. Willett,* 826 P.2d at 1145 (recognizing that "[u]nlike diminution in value, cost of repair does not require that the value of the damaged property be determined").

**CONCLUSION**

{12} Therefore, we affirm Defendant's conviction.

{13} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CYNTHIA A. FRY, Judges.