**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                            **NO. 29,192**

**SHANE MEDINA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant challenges the sufficiency of the evidence to support his conviction for criminal damage to property, contrary to NMSA 1978, Section 30-15-1 (1963). We issued a calendar notice proposing to summarily affirm the district court.

Defendant filed a timely memorandum in opposition, which we have duly considered. Unpersuaded by Defendant's response, we affirm.

**DISCUSSION**

Defendant argues that there was insufficient evidence for the State to prove that the damages exceeded $1,000 for the felony criminal damage to property count. [DS 7-8; MIO 4-9] "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86. On appeal, "[w]e determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

"Criminal damage to property consists of intentionally damaging any real or personal property of another without the consent of the owner of the property." Section 30-15-1. The offense of criminal damage to property is a petty misdemeanor unless the damage amounts to more than $1,000, in which case the offense is a fourth-degree felony. *Id.* To convict Defendant of criminal damage to property as a fourth-

2

degree felony, the State was required to prove beyond a reasonable doubt the following elements: (1) Defendant intentionally damaged property of another; and (2) the amount of the damage to the property was more than $1,000. [RP 65] *See* UJI 14-1501 NMRA. The jury was also instructed as follows:

> "Amount of damage" means the difference between the price at which the property could ordinarily be bought or sold prior to the damage and the price at which the property could be bought or sold after the damage. If the cost of repair of the damaged property exceeds the replacement cost of the property, the value of the damaged property is the replacement cost.

[RP 66] *Id.*

This Court has interpreted "the jury instruction definition as providing two methods of determining the amount of damage." *State v. Barreras*, 2007-NMCA-067, ¶ 5, 141 N.M. 653, 159 P.3d 1138. As provided in the first sentence of UJI 14-1510, the first way is to determine the "before and after value," which is "the difference between the price for which the property could be bought or sold before the damage and the price after the damage." *Id.* The second method, as described in the second sentence of UJI 14-1510, "provides that if the cost of repair is more than the replacement cost, the value or amount of damage is the replacement cost." *Id.* ¶ 6. Also, according to this method, "if the cost of repair does not exceed the replacement cost of the property, then the cost of repair is the value used to determine the amount of damage." *Id.*

3

As discussed in the calendar notice, the docketing statement and record indicate the following. Defendant repeatedly kicked the front door and front window of the house belonging to Gary and Leann Cramer. [DS 4; RP 121] Defendant cracked the frame, broke the lock on the front door, and also broke the front window. [DS 4] At trial, the State presented the jury with photographs of the damage to the Cramers' house and receipts for replacing the damaged door and window. [DS 5] The tape log indicates that the State also presented damage estimates. [RP 121, 123] The Cramers testified about the damage to their house and the cost of replacing the broken door and window. [RP 121-24] The cost of replacing the door was $1,800 and the total costs were $2,550.86. [RP 122] The Cramers testified that a salesman at a home improvement store told them the door frame could not be fixed. [DS 5]

Defendant contends that the State presented no estimates of the value of the door prior to the damage and the value of the door with the damage. [DS 5] As we stated in our calendar notice, when the State relies on cost of repair evidence the amount of damage can be assessed without determining the before and after value of the property. *See Barreras*, 2007-NMCA-067, ¶ 11.

Defendant also continues to argue that the only evidence regarding the amount of damage caused concerned the cost of replacement and not the cost of the repair. [DS 5; MIO 5] Defendant contends that there was no evidence from a carpenter about

4

the cost to repair and replace the broken door frame. [Id.] Defendant objects to the State trying to prove evidence of damages by presenting copies of receipts for replacing the damaged door and window. [Id.] Thus, Defendant argues that the State did not present sufficient evidence that the cost of repair exceeded the replacement cost of the door and window. [Id.] We disagree.

Testimony was introduced that the door frame could not be fixed. [DS 5] The jury was able to view photographs of the damaged property, hear testimony from the homeowners, and consider damage estimates and receipts. Accordingly, we remain persuaded that the jury could infer from the evidence that the door could not be repaired and that the amount of damages should be the replacement costs because the cost of repair exceeded the cost of replacement. We also remain persuaded that the jury was free to infer from the Cramers' testimony and other evidence that the replacement cost was not excessive. *See State v. Haar*, 110 N.M. 517, 521, 797 P.2d 306, 310 (Ct. App. 1990).

**CONCLUSION**

For these reasons and those in the calendar notice, we hold that the evidence was sufficient to support an inference that damages were at least $1,000.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**