IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:  2013-NMSC-012

Filing Date:  April 8, 2013

Docket No. 33,375

STATE OF NEW MEXICO,

      Plaintiff-Petitioner,

v.

FERNANDA COBRERA,

      Defendant-Respondent.

ORIGINAL PROCEEDING ON CERTIORARI
Kenneth H. Martinez, District Judge

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Petitioner

Bennett J. Baur, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Respondent

OPINION

CHÁVEZ, Justice.

{1}     Fernanda Cobrera (Cobrera) was charged with criminal damage to property having a value greater than $1,000, resulting from her alleged destruction of household goods located in the home of her estranged husband.  The question in this case is whether the prosecution must present evidence of the property's age and condition in order to satisfy its burden of proving the monetary value of the property.  We hold that in cases where common household items have been irreparably damaged, it is sufficient for the State to introduce evidence of the items' purchase price.

1

**BACKGROUND**

**{2}** On October 14, 2003, Cobrera broke into the house where her estranged husband, Jose Cobrera (Jose), was living with his new girlfriend, Sandra Hernandez (Hernandez). Once inside, Cobrera slashed upholstered couches and chairs with a knife and smashed the following items with a baseball bat: three glass side tables and a coffee table; several framed pictures, including family photos and purchased "home interiors" pictures; two mirrors; a stereo; all of the cups and glasses in the kitchen, as well as a matched set of plates and cups for twelve; a flower vase; a coffee maker; two televisions and a VCR; and a collection of porcelain angels belonging to one of Hernandez's daughters. Jose testified that all of the items other than the couches and upholstered chairs were unusable after the incident. Hernandez was able to repair the couches. They replaced the damaged chairs.

**{3}** Hernandez testified about the value of the items when she initially purchased them, although she did not state how old they were. She testified that her living room set, including the sofas and glass tables, cost about $1,900; the framed pictures (excluding the family photographs) cost approximately $1,400; the stereo cost $40; the upholstered chairs that they replaced cost "550, 424 [dollars], something like that"; the angel figurines cost around $500; a mirror cost $10; and one of the televisions cost about $100.

**{4}** Hernandez did not recall how much she had paid for the photographs, which were scratched during the incident, or their frames; the plates, glasses, cups, or coffee maker; the VCR; or the second television. She did not know the value of the vase.

**{5}** Jose testified that the couches were not torn when he left for work that morning and the tables and pictures were undamaged. Hernandez testified that nothing was damaged before she left the house on the day of the incident. There was no other testimony about the condition of the items prior to when Cobrera destroyed them.

**{6}** Cobrera was convicted of criminal damage to property in excess of $1,000, contrary to NMSA 1978, Section 30-15-1 (1963). She appealed her conviction, and the Court of Appeals reversed, holding that the State presented insufficient evidence of the value of the property. *State v. Cobrera*, No. 29,591, slip op. at 2 (N.M. Ct. App. Dec. 8, 2011) (unpublished). In particular, the Court of Appeals expressed concern that the State had told the jury "nothing about the age or condition of the goods prior to the crime, the possible cost of repair, or how much it would cost to purchase an equivalent replacement for the goods." *Id.* at 4. The Court of Appeals noted that although there had been testimony about the purchase price of the items, "we have consistently held that, to establish value of the goods just prior to the damage, the State must produce evidence of something more than the original cost of the goods." *Id.* at 3. The State appealed to this Court, and we granted certiorari. *State v. Cobrera*, 2012-NMCERT-002, 291 P.3d 1291.

**DISCUSSION**

2

**{7}** "In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "It is our duty to determine whether any rational jury could have found the essential facts to establish each element of the crime beyond a reasonable doubt." *State v. Dowling*, 2011-NMSC-016, ¶ 20, 150 N.M. 110, 257 P.3d 930.

**{8}** Section 30-15-1 does not specify how to determine the dollar value of the property damage. However, the jury in this case was instructed on how to measure the damage:

> "Amount of damage" means the difference between the price at which the property could ordinarily be bought or sold prior to the damage and the price at which the property could be bought or sold after the damage. If the cost of repair of the damaged property exceeds the replacement cost of the property, the value of the damaged property is the replacement cost.

UJI 14-1510 NMRA. *State v. Barreras*, 2007-NMCA-067, ¶¶ 5-6, 141 N.M. 653, 159 P.3d 1138, confirms that the two sentences of the instruction provide two separate methods for evaluating property damage. The first method is the diminution in the value of the property due to the damage, or the "before and after value." *Id.* ¶ 5. The second method is the cost of repair or replacement, whichever is less. *Id.* ¶ 6. Under the second method, the State does not need to demonstrate the value of the property immediately prior to the damage. *Id.* ¶ 11 (holding that when the state relies on cost-of-repair evidence, "the amount of damage can be assessed without determining the before and after value of the property"). Instead, the State could introduce other evidence of the cost of repair or replacement such as receipts, price quotes for repair services, or advertisements that state the cost of similar items.

**{9}** In holding that a conviction under Section 30-15-1 requires "evidence of something more than the original cost of the goods," *Cobrera*, No. 29,591, slip op. at 3, the Court of Appeals relied on *State v. Hughes*, 108 N.M. 143, 767 P.2d 382 (Ct. App. 1988), and *State v. Barr*, 1999-NMCA-081, 127 N.M. 504, 984 P.2d 185. In *Hughes*, the Court of Appeals upheld a conviction for receiving stolen property, holding that there was sufficient evidence for the jury to find that stolen laboratory equipment had a value of at least $100. 108 N.M. at 145-46, 767 P.2d at 384-85. An employee of the laboratory testified about the condition of the equipment, its resale value in its current condition, and its value when it was new. *Id.* at 145, 767 P.2d at 384. The Court of Appeals found his testimony sufficient to establish the value of the equipment, noting that "[i]t is clear that an owner of personal property may testify concerning the value of the property and that such testimony is sufficient to support a jury's determination of value." *Id.* at 145-46, 767 P.2d at 384-85. The *Hughes* Court noted that an owner knows "the age, the condition[,] . . . the original cost, and the amount that he, as an informed buyer, would pay for each item in its condition at trial." *Id.* at 146, 767 P.2d at 385.

3

**{10}**     In *Barr*, the Court of Appeals again upheld a conviction, this time for larceny, finding that the victim's testimony about the purchase price, the age, and the condition of the items, as well as the victim's belief about their replacement cost and garage sale value, was sufficient to establish their value. 1999-NMCA-081, ¶¶ 29-30. The *Barr* Court stated that "testimony of the purchase price of consumer goods, *when coupled with information about the age and condition of the goods*, is sufficient by itself to allow a jury to draw reasonable inferences about the present market value of the items." *Id.* ¶ 30 (emphasis added). The Court of Appeals in *Cobrera* inferred from this language that evidence of purchase price alone is insufficient to establish value. No. 29,591, slip op. at 3-4.

**{11}**     However, we note that the Court of Appeals affirmed the convictions in the cases of *Barr* and *Hughes*. In each case, the Court held that the evidence of value that had been presented was sufficient to establish guilt. Neither case indicated that any less evidence would have been insufficient. In addition, neither *Barr* nor *Hughes* involved criminal damage to property or the cost-of-repair-or-replacement method of calculating damage as described in *Barreras*, 2007-NMCA-067, ¶ 6.

**{12}**     When the Court of Appeals did analyze the issue of property value in a property damage case, it concluded that evidence of purchase price alone can establish the cost of replacing an item. In *State v. Haar*, 110 N.M. 517, 519, 797 P.2d 306, 308 (Ct. App. 1990), the Court of Appeals upheld the defendant's conviction for criminal damage to property of more than $1,000. The victim testified that she had sustained total damages of $1,009.54, an amount barely over the statutory minimum. *Id.* at 520, 797 P.2d at 309. The damages included $110 for the victim's dishwasher.[1] *Id.* The victim testified that she had purchased the dishwasher for $110 and that it was unusable since the defendant had damaged it. *Id.* The defendant challenged the valuation of the dishwasher as "speculative," and the Court of Appeals rejected his challenge. *Id.* at 520-21, 797 P.2d at 309-10. The *Haar* Court held that because the victim specifically stated the purchase price of the dishwasher, the jury could accept that amount as evidence of valuation without making "an inference based on conjecture or speculation." *Id.* at 520, 797 P.2d at 309. Although the *Haar* Court cited *Hughes* for the proposition that the owner of property knows its quality, cost, and condition, *Haar*, 110 N.M. at 521, 797 P.2d at 310, there is no indication in the opinion that the victim

---

[1]*Haar* initially states that the cost of replacing the dishwasher was $100, but this figure appears to be a typographical error. 110 N.M. at 520, 797 P.2d at 309. The opinion states that the damages were "car interior, $368.37; car exterior including gas tank, $465.84; wall repairs, $65.33; and dishwasher replacement, $100, for total damages of $1,009.54." *Id.* However, the listed figures add up to $999.54, not $1,009.54. In the same paragraph and elsewhere in the opinion, the court states that the dishwasher cost $110. *Id.* ("[S]he had purchased [the dishwasher] from a private party for $110," but the "defendant contends [the victim's] testimony with respect to the dishwasher damage was speculative and thus did not support an inference that it amounted to $110."). Therefore, we assume that the trial court valued the replacement cost of the dishwasher at $110.

4

testified about her dishwasher's condition. Instead, she testified that (1) she had purchased the dishwasher for $110 and (2) the dishwasher was unusable, and the Court of Appeals allowed the jury to infer that replacing the dishwasher would cost $110. *Id.* at 520-21, 797 P.2d at 309-10.

**{13}**     Under Uniform Jury Instruction 14-1510 and *Barreras*, 2007-NMCA-067, ¶¶ 5-6, the State may prove the amount of damage by introducing evidence of replacement cost. *Haar* stands for the proposition that the jury may infer that the replacement cost is equal to the purchase price. *See* 110 N.M. at 520, 797 P.2d at 309 (indicating that the victim, who testified to purchase price of dishwasher, "specifically stated *the value* of the dishwasher" (emphasis added)). It is reasonable to infer that the jury in *Cobrera* did exactly that.

**{14}**     In this case there are unresolved questions about the degree of damage to certain items (for example, the couches, which were not totally destroyed), but it is not necessary for this Court to resolve them. Hernandez testified that the framed pictures alone had a purchase price of $1,400. Photographs presented at trial showed the framed pictures smashed to pieces, and there was testimony that all of the items other than the furniture were unusable after the damage. In other words, the State introduced evidence of the purchase price of items that could not be repaired; under *Haar*, that was sufficient to convict.

**{15}**     Furthermore, the jury was able to draw on something more than the testimony about the items' purchase price. The evidence included twenty-seven photographs of the damaged property. The items that were damaged were common household items such as furniture, dishes, and electronics. When weighing the testimony of Hernandez and Jose, the jury could have drawn on its own knowledge and life experience to conclude that many of the items were damaged beyond repair and the cost of repairing all of the damaged items and replacing those that were irreparable would be greater than $1,000. *See Barreras*, 2007-NMCA-067, ¶ 9 (permitting jury to infer that the replacement cost of a year-old Cadillac Escalade in good condition would be greater than the cost of repair, which was $5,100).

**CONCLUSION**

**{16}**     Because the State introduced evidence that the purchase price of irreparably damaged items was greater than $1,000, the jury had sufficient evidence to conclude that the replacement cost of the items was also greater than $1,000. Under established New Mexico law, replacement cost of irreparable items is an appropriate measure of the value of the items. Therefore, we reverse the Court of Appeals and reinstate Cobrera's conviction. We remand to the Court of Appeals for consideration of Cobrera's remaining claims.

**{17}    IT IS SO ORDERED.**

_____
**EDWARD L. CHÁVEZ, Justice**

5

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**CHARLES W. DANIELS, Justice**

_____
**BARBARA J. VIGIL, Justice**

**Topic Index for _State v. Cobrera_, No. 33,375**

**APPEAL AND ERROR**
Substantial or Sufficient Evidence
Remand

**CRIMINAL LAW**
Property Damage

**PROPERTY LAW**
Property Valuation