**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2015-NMCA-091

Filing Date: June 30, 2015

Docket No. 32,564

STATE OF NEW MEXICO,

       Plaintiff-Appellee,

v.

MANUEL FERNANDEZ,

       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J. K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**FRY, Judge.**

**{1}** Defendant appeals from his conviction for criminal damage to property valued in excess of $1000 on the ground of insufficiency of the evidence. He also appeals from his sentencing as a habitual offender, arguing that the State made no *prima facie* showing of three prior usable felonies. We agree that the evidence for Defendant's felony conviction was insufficient and therefore reverse.

**BACKGROUND**

**{2}** On December 5, 2010, David Satrun, the victim, encountered a green Dodge Durango driving erratically and aggressively. The driver of the Durango, later identified as Defendant, passed Satrun more than once before getting out of his vehicle to yell at Satrun and kick Satrun's door. Satrun drove away, but Defendant followed and struck the back of Satrun's vehicle with his Durango. Defendant then pulled up alongside Satrun's door, pinning it shut. Satrun again drove away from Defendant to a gas station, where he called the police. At the time of the accident, Satrun was driving a 1998 white GMC pickup.

**{3}** Defendant was eventually arrested and charged with seven counts: aggravated assault with a deadly weapon (Counts 1 and 2); criminal damage to property in excess of $1000 (Count 3); driving with a suspended license (Count 4); leaving the scene of an accident (Counts 5 and 6); and concealing identity (Count 7). He was convicted on Counts 3, 5, 6, and 7, and sentenced as a habitual offender on the ground that he had three usable prior felonies. Defendant appeals on two grounds: (1) the evidence was insufficient to prove the amount of property damage to Satrun's pickup, making Count 3 unsustainable; and (2) the enhanced sentence was not legal because the State did not provide adequate proof that the out-of-state felony conviction used during sentencing was actually his.

**DISCUSSION**

**{4}** We review claims as to the sufficiency of the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. However, we must also determine whether substantial evidence exists "and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA 134, ¶ 10, 140 N.M. 606, 145 P.3d 86. If the evidence presented "must be buttressed by surmise and conjecture, rather than logical inference[,]" it will not be sufficient to support a conviction. *State v. Vigil*, 1975-NMSC-013, ¶ 12, 87 N.M. 345, 533 P.2d 578 (internal quotation marks and citation omitted). In making this determination, we do not in any way "substitute [our] judgment for that of the factfinder." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogation on other grounds recognized by Kersey v. Hatch,* 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

**{5}** To convict Defendant of felony criminal damage to property, the State was required to prove beyond a reasonable doubt both that Defendant intentionally damaged the property of another and that the amount of damage exceeded $1000. *See* NMSA 1978, § 30-15-1 (1963); UJI 14-1501 NMRA. In accordance with UJI 14-1510 NMRA, the "amount of damage" is defined as:

> the difference between the price at which the property could ordinarily be
> bought or sold prior to the damage and the price at which the property could

2

be bought or sold after the damage. If the cost of repair of the damaged property exceeds the replacement cost of the property, the value of the damaged property is the replacement cost.

**{6}** During the trial, the State offered substantial evidence of damage to Satrun's pickup, including several photographs of the truck taken by a sheriff's deputy. Satrun testified to further explain the damage, claiming that his back bumper was "destroyed," his tailgate misaligned, and that Defendant's kick to his front door left a severe dent. He admitted that some of the damage pictured had been incurred during previous accidents. All told, Satrun testified that the cost to repair the damage Defendant inflicted was about $1500 or $1600.

**{7}** Defendant does not dispute that the cost of repair was over $1000, but he argues that "the mere cost of repair was insufficient—the State had to prove that the cost of replacement was not less than the cost of repair." The State did not offer testimony as to the condition of the pickup, its mileage, or its likely replacement cost, arguing that "there is no absolute requirement" that it do so.

**{8}** The instruction UJI 14-1510 provides two ways of determining the amount of damage: "diminution in value" and "cost of repair." *State v. Barreras*, 2007-NMCA-067, ¶¶ 5-6, 141 N.M. 653, 159 P.3d 1138. The first method, "diminution in value," is the "before[-]and[-]after value" of the property. *Id.* ¶ 5. The second method, at issue here, is the "cost of repair." In *Barreras*, the defendant used a tire iron to damage a one-year-old Cadillac Escalade that was previously in good condition. *Id.* ¶ 2. The cost to repair the damage was $5100, but the State offered no specific evidence as to replacement cost. *Id.* ¶¶ 2, 8. The defendant argued on appeal that "to prove the amount of damages under the second method, the State must present evidence of both the cost of repair and the cost of replacement so that the jury can compare them to determine if the cost of repair exceeds the replacement cost." *Id.* ¶ 8. We rejected that argument for two reasons: (1) the defendant did not "seriously place in dispute on appeal" whether the replacement cost exceeded the cost of repair; and (2) the "average juror" would be aware that the replacement cost of the Cadillac would be higher than the cost of repair. *Id.* ¶ 9. We reasoned that "if the cost of repair does not exceed the replacement cost of the property, then the cost of repair is the value used to determine the amount of damage." *Id.* ¶ 6. Because the jurors "would know that such a high-end sport utility vehicle has a replacement cost well over $5100[,]" the cost of repair was the appropriate value to use. *Id.* ¶ 9.

**{9}** As we noted in *Barreras*, however, "[e]vidence of replacement cost may be necessary where the vehicle is older and/or made by a lesser-named manufacturer" than the one-year-old Cadillac at issue in that case. *Id.* ¶ 9. As our Supreme Court has recently affirmed, the amount of damage is "the cost of repair or replacement, *whichever is less*." *State v. Cobrera*, 2013-NMSC-012, ¶ 8, 300 P.3d 729 (emphasis added). In some cases, as in *Barreras*, the facts may clearly establish that the replacement cost would exceed the cost of repair and no additional evidence or testimony may be required; nonetheless, the replacement cost remains part of the State's burden. *Id.*; *Barreras*, 2007-NMCA-067, ¶ 9.

3

**{10}** In the present case, the "average juror" had no basis upon which to determine that the replacement cost of Satrun's pickup truck, which was over a decade old and had noticeable preexisting damage, would be "well over" the $1500 cost of repair. *Barreras*, 2007-NMCA-067, ¶ 9. The State observes that the jury was given "photographs of [Satrun's] stricken truck" in addition to the testimony regarding the cost of repair, but the photographs included evidence of unrelated cosmetic damage, dirt, and general wear. Without further information regarding the pickup, such as its mileage, the photographs could not provide a sufficient basis for concluding that the replacement cost would be greater than the cost of repair. Exactly as contemplated in *Barreras*, this case required the State to submit evidence as to such replacement cost so that the jury could reasonably determine whether it exceeded the cost of repair or not. 2007-NMCA-067, ¶ 9.

**{11}** The State suggests that Defendant waived the issue of the pickup's proper valuation when he failed to cross-examine the State's witnesses on the replacement cost. Because this is not an affirmative defense but rather a matter of the State's own burden, Defendant bore no obligation to offer or contest evidence that the State itself did not present. *State v. Munoz*, 1998-NMSC-041, ¶ 15, 126 N.M. 371, 970 P.2d 143. Furthermore, whatever his strategy in cross-examination, Defendant has "seriously place[d] in dispute on appeal" that the pickup was worth the $1,500 cost of repair, given its age, previous damage, unknown mileage, and unknown mechanical condition. *Barreras*, 2007-NMCA-067, ¶ 9.

**{12}** This case is therefore distinguishable from *Barreras* and, by refusing to offer evidence regarding replacement cost, the State has failed to meet its burden for felony property damage beyond a reasonable doubt.

**{13}** In some cases, "appellate courts have the authority to remand a case for entry of judgment on the lesser included offense and resentencing rather than retrial when the evidence does not support the offense for which the defendant was convicted but does support a lesser included offense." *State v. Haynie*, 1994-NMSC-001, ¶ 4, 116 N.M. 746, 867 P.2d 416. The "direct remand" rule does not apply, however, in cases in which the jury was not instructed on a lesser included offense. *State v. Villa*, 2004-NMSC-031, ¶¶ 9, 12, 136 N.M. 367, 98 P.3d 1017.

**{14}** Here, the jury was not instructed on lesser-included offenses, such as misdemeanor property damage amounting to less than $1000. When the State only instructs on the greater offense, we will not second-guess its "all-or-nothing trial strategy," *id*. ¶ 14, because to convict Defendant of an offense with which the jury was never presented would deprive him of notice and be inconsistent with our law. *State v. Slade*, 2014-NMCA-088, ¶ 38, 331 P.3d 930. Therefore, we will not remand for resentencing Defendant for misdemeanor property damage where the evidence is insufficient to demonstrate the requisite amount of damages for a felony conviction.

**CONCLUSION**

**{15}** For the reasons stated above, we reverse Defendant's conviction as to Count 3, for criminal damage to property valued in excess of $1000. Because all the remaining counts of which Defendant was convicted are misdemeanors, the habitual sentencing enhancement is no longer at issue. *See* NMSA 1978, § 31-18-17(A) (2003) (applying to "[a] person convicted of a noncapital felony" who has one or more prior felony convictions).

**{16}  IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK KENNEDY, Judge**