This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 35,262

**JOHN CORDOVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1} Defendant has appealed his conviction for criminal damage to property (over $1,000). We previously issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} We previously set forth the pertinent background information and relevant principles of law in the notice of proposed summary disposition. We will avoid undue reiteration here and focus instead on the content of the memorandum in opposition.

{3} First, Defendant renews his argument that an estimate was improperly admitted in evidence pursuant to the business records exception to the hearsay rule. *See generally* Rule 11-803(6) NMRA. [MIO 3-5] He contends that the witness did not testify that she had personal knowledge of the system used to generate the document. [MIO 4] However, she was an employee who was clearly capable of testifying to the manner of preparation and safekeeping. [RP 70] And insofar as the witness testified that she herself wrote the estimate [RP 70], we fail to see how she could be said to have lacked personal knowledge of the method of preparation.

{4} Defendant also continues to argue that the witness's inability to recall inspecting the vehicle, the erroneous description of the vehicle as a 2013 rather than a 2011 model year, and the alleged involvement of other individuals with the inspection process undermine the trustworthiness of the document to such an extent

2

that it should have been excluded. [MIO 4-5] However, the district court acted well within its discretion in determining that these matters went to the weight, rather than the admissibility, of the estimate. *See generally Roark v. Farmers Group, Inc.*, 2007-NMCA-074, ¶ 20, 142 N.M. 59, 162 P.3d 896 (observing that a determination of a document's trustworthiness is discretionary with the district court).

{5}    By his second issue, Defendant argues that the admission of the estimate violated his right to confrontation. [MIO 5-7] As we previously observed in our notice of proposed summary disposition, insofar as the individual who prepared the estimate testified at trial and was subject to cross-examination, Defendant's right to confrontation was satisfied. *See State v. Altgilbers*, 1989-NMCA-106, ¶ 18, 109 N.M. 453, 786 P.2d 680 ("Ordinarily, when the declarant is subject to effective cross-examination under oath about the extra-judicial statement, the Confrontation Clause is satisfied."). We understand Defendant to continue to contend that the contents of the estimate were generated by other individuals [MIO 6-7] and that the witness's lack of personal knowledge rendered her an inadequate substitute for the other individuals' personal appearance in court. However, in light of the witness's testimony that she inspected the vehicle and prepared the estimate herself [RP 70], the district court was not required to credit Defendant's assertions that others were involved or that the witness lacked personal knowledge. *See generally* Rule 11-104(A) NMRA ("The

3

court must decide any preliminary question about whether a witness is qualified . . . or evidence is admissible."); *Baum v. Orosco*, 1987-NMCA-102, ¶¶ 18-19, 106 N.M. 265, 742 P.2d 1 (observing that preliminary questions concerning the qualifications of witnesses to testify rest within the sound discretion of the district court and it is the role of the district court to resolve any conflict). We therefore reject Defendant's assertion of error.

{6}    Finally, Defendant renews his challenge to the sufficiency of the evidence, specifically with respect to the valuation of the damage. [MIO 8-11] As we previously observed in our notice, the estimate reflected a cost of repair in excess of $1,000. Defendant suggests that this might have been inflated, particularly to the extent that the estimate entailed "blending" the repair work with undamaged portions of the vehicle. [MIO 2, 9] However, the fact-finder was at liberty to view the estimate and associated testimonial evidence as a fair and appropriate valuation of the actual cost of achieving satisfactory repair. *See generally State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 104 P.3d 1114 ("[I]t is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters."). We similarly reject Defendant's suggestion that the State should have been required to affirmatively demonstrate that the cost of repair did not exceed the value of the

4

vehicle; given the late model year and testimony that it was in good condition [MIO 10], the jury could reasonably infer that the replacement cost would have been greater than the $1,076.03 cost of repair. *See State v. Fernandez*, 2015-NMCA-091, ¶ 9, 355 P.3d 858 (observing that, while replacement cost is part of the prosecution's burden, "[i]n some cases, . . . the facts may clearly establish that the replacement cost would exceed the cost of repair and no additional evidence or testimony may be required"); *State v. Barrerras*, 2007-NMCA-067, ¶ 9, 141 N.M. 653, 159 P.3d 1138 (permitting the jury to infer that the replacement cost of a one-year-old vehicle in good condition would be greater than the cost of repair). We therefore reject Defendant's final assertion of error.

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and in this Opinion, we affirm.

{8}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**

5

_____

**J. MILES HANISEE, Judge**